IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-01834-TUC-FRZ (GEE) |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| MARTIN HERNANDEZ-SUSTAITA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

The District Court referred this case to the magistrate for an evidentiary hearing on allegations the defendant violated conditions of his supervised release. The defendant and his attorney consented in writing to proceed before the magistrate, and the evidentiary hearing was held on October 22, 2010. Upon consideration of the evidence presented, the magistrate recommends the District Court, after its de novo review of the record, find the defendant has violated his conditions of supervised release.

**PROCEDURAL BACKGROUND/CURRENT ALLEGATION:**

Following a guilty plea to possession of marijuana with intent to distribute, the defendant was sentenced on April 7, 2008, to 21 months incarceration, to be followed by 36 months of supervised release upon his release. The defendant was released from custody on April 7, 2009. On September 24, 2010, a Petition to Revoke Supervised Release was filed alleging

1 the defendant violated his supervised release when "he entered, attempted to enter, or was
2 found in the United States without authorization on May 1, 2010...."

3

4 **EVIDENCE:**

5 At the time originally set for the evidentiary hearing defense counsel advised that his client
6 would not admit the allegation because he had just recently been found guilty by a jury of the
7 offense of illegal re-entry, and admitting the alleged violation of re-entry would be
8 inconsistent with his plea of "not guilty" and compromise any appeal he may choose to file.
9 However, defense counsel stated the defendant did not wish a "full-blown" evidentiary
10 hearing, but would accept the government's filing of documents sufficient to establish the
11 supervised release violation. The hearing was reset to October 22, 2010, at which time the
12 government submitted the attached "Exhibit List." The defendant was present with his
13 counsel, who reviewed the documents in the "Exhibits", stated no objection to its admission,
14 and agreed it was sufficient to establish the violation.

15

16 **DISCUSSION:**

17 Having reviewed the documents provided by the government, this court concludes the
18 government has established by a preponderance of the evidence that the defendant did violate
19 his supervised release as set forth in the violation petition.

20

21 **RECOMMENDATION:**

22 In view of the foregoing, the magistrate recommends that the District Court, after its
23 independent review of the record, find the defendant violated his supervised release. Any
24 party may file and serve objections within 14 days after being served with a copy of this
25 Report and recommendation. If objections are not timely filed the party's right to de novo
26 review may be waived.

27 This Report and Recommendation is being faxed to all counsel on today's date. The Clerk
28 of the Court is directed to send a copy of this Report and Recommendation to all counsel.

1  DATED this 1st day of November, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 3 -